People v Tovar (2019 NY Slip Op 07881)





People v Tovar


2019 NY Slip Op 07881


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02113
 (Ind. No. 2033/17)

[*1]The People of the State of New York, respondent,
v
Tomas Tovar, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Ellen C. Abbot of counsel; Kristina A. D'Angelo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gene Lopez, J.), imposed January 9, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record of the plea proceeding demonstrates that the defendant received a thorough oral explanation of the nature of the right to appeal and the consequences of waiving that right, and that he understood that the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Li, 169 AD3d 828; People v Batista, 167 AD3d 69, 75-76; People v Leak, 164 AD3d 606; People v Brown, 122 AD3d 133, 144). Although the preprinted form waiver of the right to appeal signed by the defendant contained erroneous statements with regard to the waiver of the right to appeal (see People v Batista, 167 AD3d 69, 75; see also People v Payton, 109 AD3d 940; People v Mizhirumbay-Guaman, 109 AD3d 668), under the circumstances of this case, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-267; People v Lopez, 6 NY3d 248, 255). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court